UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Isaac R. Ulmer, Sr.,                        Case No. 3:12-cv-01266

         Plaintiff

    v.                                   MEMORANDUM OPINION
                                            AND ORDER

Dana Driveshaft Manufacturing, L.L.C.,

         Defendant


### INTRODUCTION

This matter is before me on the motion of Defendants Dana Driveshaft Manufacturing, L.L.C., Steve Florence, James Bridges, and Tim Johns ("Defendants") to dismiss the complaint of Plaintiff Isaac R. Ulmer Sr. ("Ulmer") for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6). (Doc. No. 11). Ulmer filed a response. (Doc. No. 19). Defendants filed a reply. (Doc. No. 20). For the reasons stated below, Defendants' motion is granted as to Ulmer's federal claims. Ulmer's state law claims are remanded to state court.

### BACKGROUND

Ulmer filed suit in the Court of Common Pleas for Allen County, Ohio, alleging Defendants discriminated and retaliated against him on the basis of his race. (Doc. No. 1-2). Defendants removed the complaint to federal court on the basis of federal question jurisdiction. (Doc. No. 1). Ulmer alleges causes of action for (1) intentional infliction of emotional distress; (2) race discrimination under 42 U.S.C. § 2000(e) and O.R.C. 4112.01 *et seq.*; (3) discrimination and

hostile work environment under 42 U.S.C. § 2000(e), 42 U.S.C. § 12111 *et seq.*, and O.R.C. 4112; and (4) "discrimination and/or retaliation" under 42 U.S.C. § 2000(e) and O.R.C. 4112.  (Doc. No. 1-2).

Defendants have moved to dismiss Ulmer's claims, arguing (1) his Title VII claims were not filed within 90 days of the date he received his right to sue letter; (2) any claims that were not raised in Ulmer's previous EEOC proceedings must be dismissed for failure to exhaust administrative remedies; (3) his Title VII and state-law discrimination claims are barred by the doctrine of claim preclusion; and (4) he has failed to state a claim for intentional infliction of emotional distress. (Doc. No. 11 at 1).  Ulmer argues (1) the doctrine of claim preclusion does not apply; (2) the limitations period for his Title VII claims should be extended under the doctrine of equitable tolling; and (3) his state-law claims are governed by a longer statute of limitations period and thus should not be dismissed.  (Doc. No. 19 at 1).

The parties are acquainted, as this is the fourth lawsuit in federal court since 2009 involving Ulmer and at least some of Defendants.  In April 2009, Ulmer filed a complaint against Dana Driveshaft Manufacturing, L.L.C. ("Dana") alleging race discrimination and harassment, which the parties refer to in their briefs as "Ulmer I."  (Doc. No. 11 at 3).  Ulmer I was resolved on the merits when the district court granted Dana's motion for summary judgment.  (Doc. No. 11 at 4).  On December 15, 2010, Ulmer and his former wife filed a complaint against Dana, alleging race discrimination, intentional infliction of emotional distress, public policy tort, racial harassment and discrimination tort, and loss of consortium, known as "Ulmer II."  (Id.)  Ulmer II was resolved on the merits when the district court granted Dana's motion to dismiss under Fed. R. Civ. Pro. 12(b)(6). (Id.)

On November 25, 2011, Ulmer filed a complaint against Dana, which he amended on January 13, 2012, to include all of the defendants named in the instant case; the parties refer to that case as "Ulmer III."  (Doc. No. 11 at 5).  Ulmer III involved claims for race and disability discrimination, as well as intentional infliction of emotional distress.  (Id.)  Ulmer III was dismissed

2

without prejudice on March 29, 2012, after the district court granted Defendants' motion to dismiss for failure to state a claim upon which relief could be granted. (Doc. No. 11 at 6). On April 30, 2012, Ulmer filed this action, known as "Ulmer IV," in state court. (Id.) Defendants removed Ulmer IV to federal court on May 18, 2012. (Id.)

## STANDARD

In deciding a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6), a trial court's function is to test the legal sufficiency of the complaint. The court shall accept the allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), while viewing the complaint in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Jones v. City of Carlisle, Ky.*, 3 F.3d 945, 947 (6th Cir. 1993). The court need not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *Republic Bank & Trust Co v. Bear Sterns & Co., Inc.*, 683 F.3d 239, 246 (6th Cir. 2012).

To survive a motion to dismiss, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## ANALYSIS

Defendants assert that Ulmer's Title VII claims must be dismissed because they are untimely. (Doc. No. 11 at 7). Ulmer appears to concede he filed this case outside of the 90 day period, but contends the doctrine of equitable tolling is applicable and thus he should be permitted to continue this litigation. (Doc. No. 20 at 11). Because Ulmer has filed his claims more than 90

days after he received his right-to-sue letter from the EEOC and has failed to allege any facts sufficient to support the doctrine of equitable tolling, Ulmer's Title VII claims are dismissed.

## A.  TIMELINESS OF ULMER'S TITLE VII CLAIMS

Under Title VII, a plaintiff must file suit within 90 days of receiving a right-to-sue letter from the EEOC.  42 U.S.C. § 2000e-5(f)(1).  "[T]he filing of a complaint which is later dismissed without prejudice does not toll the statutory filing period of Title VII."  *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987).[1]  A dismissal without prejudice leaves the parties in the same place "as if the suit had never been brought."  *Id.* at 27.  Further, district courts are without authority to extend a statutory period of limitations.  *Id.* at 28; *see also, id.* at 27 ("in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending")(citing *Bomer v. Ribicoff*, 304 F.2d 427, 429 (6th Cir. 1962)).

It is undisputed that (1) the EEOC issued a right-to-sue letter to Ulmer on August 25, 2011; (2) Ulmer IV was filed in the Court of Common Pleas for Allen County on April 30, 2012; and (3) Ulmer IV was removed to federal court on May 18, 2012.  Because Ulmer did not file this case within the statutory 90 day window, his Title VII claims are statutorily barred.

## B.  EQUITABLE TOLLING

Ulmer argues equitable tolling may allow the re-filing of a case dismissed without prejudice "if the case is diligently pursued."  (Doc. No. 19 at 11).  Though "Title VII filing requirements are jurisdictional, they are subject to equitable tolling in limited circumstances."  *Wilson*, 815 F.2d at 28. Courts often consider the following factors in determining whether a plaintiff has established grounds for the application of equitable tolling: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing the plaintiff's rights;

---

[1]  The Sixth Circuit is far from alone in concluding that a plaintiff who has a claim dismissed without prejudice and who then re-files the claim outside of the original 90 day period is not entitled to tolling of the statutory period.  *See, e.g., Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *Brown v. Hartshorne Pub. Sch. Dist. #1*, 926 F.2d 959, 961 (10th Cir. 1991) (abrogated on other grounds); *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063 (9th Cir. 2006).

(4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Dixon v. Gonzales*, 481 F.3d 324, 331 (6th Cir. 2007) (citing *Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 469 (6th Cir. 2003)). The plaintiff bears the burden "to plead and prove facts supporting equitable avoidance of a timeliness deadline." *Shaw v. Pfeiffer*, 2006 WL 2583306 at *5 (S.D. Ohio) aff'd, 295 F. App'x 735 (6th Cir. 2008) (*citing Hampton v. Caldera*, 58 Fed. App'x 158, 160 (6th Cir. 2003)). These factors are non-exclusive, and the tolling decision must be made on a case-by-case basis. *Id.* "Federal courts have typically extended equitable relief only sparingly." *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also*, *Wilson*, 815 F.2d at 28 ("equitable tolling is not an escape valve through which jurisdictional requirements will evaporate since the tolling of statutory periods on equitable grounds is usually very much restricted" (internal quotations omitted)).

Ulmer does not claim he had no knowledge or notice of the filing requirement, or that he reasonably remained ignorant of this particular legal requirement. Rather, Ulmer acknowledges the filing requirement as he asserts Ulmer III was filed "[w]ell within the requisite 90 day filing period." (Doc. No. 19 at 5). Further, the complaint in Ulmer III states that filing "should be considered timely because the Plaintiff is filing within 90 days of receipt of a Final Agency Decision . . .". (3:11-cv-2566, Doc. No. 1 at 3).

Ulmer fails to demonstrate he was diligent in pursuing his rights. Ulmer did not seek leave to amend his complaint in Ulmer III after the district court in that matter highlighted that lack of factual allegations that could "give rise to a 'reasonable inference' that [Ulmer] was discriminated against." (Doc. No. 21 at 2). After the dismissal of Ulmer III, Ulmer waited over a month before filing this lawsuit in state court. This delay followed his previous delay in Ulmer III, which he filed with only a few days to spare before expiration of the 90 day window.

Ulmer claims Defendants will not suffer prejudice if his Title VII claims are permitted to go forward because Defendants "must essentially defend the same claims under the state statute."

5

(Doc. No. 19 at 12). Ulmer may not circumvent the requirements of Title VII simply by asserting state law claims, claiming the lengthier state law statute of limitations periods justify extension of the federal period, and thus prolong his litigation against Defendants. As Defendants argue, Ulmer's "reasoning could apply in any Title VII case and would effectively read the statute of limitations out of Title VII. If Congress wanted the statute of limitations periods for state law claims [to apply to Title VII claims], it could have said so." (Doc. No. 20 at 3, n. 3).

I do not dispute that the result of a dismissal without prejudice in a Title VII case outside of the 90 day statutory period is a harsh one. Ulmer aptly notes that any such dismissal, as a practical matter, operates as a dismissal with prejudice. The Sixth Circuit, however, approves of equitable exceptions to Title VII's jurisdictional filing requirements only "in limited circumstances," *Brown v. Mead Corp.*, 646 F.2d 1163, 1165 (6th Cir. 1981), and has affirmed the application of equitable tolling only when the plaintiff has acted reasonably in delaying the pursuit of his case. *See Wilson*, 815 F.2d at 28 (*citing Leake v. Univ. of Cincinnati*, 605 F.2d 555 (6th Cir. 1979), and *Fox v. Eaton Corp.*, 615 F.2d 716 (6th Cir. 1980)).

Here, Ulmer doesn't make a claim of reasonable delay. In essence, he seeks an opportunity to re-litigate Defendants' motion to dismiss in Ulmer III. Ulmer made the strategic decision to file a brief in opposition to Defendants' motion, rather than seeking leave of the court to amend his complaint. Subsequent to the dismissal of Ulmer III, he sought to reverse his course, and filed what in effect is an amended complaint in state court. In *Wilson*, the Sixth Circuit declared "equitable tolling is not an escape valve through which jurisdictional requirements will evaporate." 815 F.2d at 28. Ulmer fails to provide any persuasive reason for the application of the doctrine of equitable tolling to evade the statutory limitations period and therefore his request is denied. His Title VII claims are dismissed.

**C. STATE LAW CLAIMS**

Ulmer also asserts claims for intentional infliction of emotional distress and race discrimination under the Ohio Revised Code. (Doc. No. 1-2 at 7-8). "Under 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. If the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 Fed. Appx. 382, 384-85 (6th Cir. 2003)). The basis for removal to federal court was federal question jurisdiction under 28 U.S.C. § 1331. As Ulmer's Title VII claims have been dismissed as untimely, no federal cause of action remains. Because Ulmer's federal claims have been dismissed well before any trial proceedings, Ulmer's state law claims will be remanded to the Court of Common Pleas of Allen County, Ohio.

**CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss pursuant to Rule 12(b)(6) is granted as to Ulmer's Title VII claims. Ulmer's state law claims are remanded to state court.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge